IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | | |
|---|---|---|
| VANESSA SHAW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:11-mc-16-FtM-36SPC |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RESPONSE TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS PETITION
TO QUASH WITH ACCOMPANYING MEMORANDUM**

The United States of America, by and through undersigned counsel, respectfully submits

the following response to the Court's August 11, 2011 Order to Show Cause why Vanessa

Shaw's petition to quash IRS summons should not be granted  (Doc. 3).  Shaw's petition to

quash should not be granted because the United States has not been properly served and its time

to respond has not run.  Further, this Court should dismiss Shaw's petition pursuant to Federal

Rules of Civil Procedure 12(b)(1) and (6).  The Court lacks subject matter jurisdiction over

Shaw's petition because the summons was issued in the aid of collection of Shaw's assessed tax

liabilities.  Shaw's petition also fails to state a claim upon which relief can be granted.

Accordingly the Court should dismiss Shaw's petition.  In support of this response to order to

show cause and motion to dismiss, the United States submits the attached declaration of Revenue

Officer Merle Hughes.

**RESPONSE AND MEMORANDUM**

**I.      BACKGROUND**

Shaw is a tax-defier who filed frivolous tax returns for the 2001 through 2003 tax years.

Shaw has outstanding federal income tax liabilities for the 2002 and 2003 tax years, which were

assessed on August 29, 2005, and February 6, 2006, respectively.  The IRS has also assessed

civil penalties against Shaw for the 2001 through 2003 tax years for filing frivolous tax returns.

Exhibit 1 to the Declaration of Merle Hughes consists of Account Transcripts which show the

assessments made against Shaw.

Merle Hughes is a Revenue Officer with IRS.  (Decl. of Merle Hughes ("Hughes Decl.")

¶ 1.)  As a revenue officer, one of Hughes' responsibilities is to investigate the collection of

unpaid taxes. (Id.)  Accordingly, she has the authority to issue IRS summonses to investigate the

collection of unpaid taxes pursuant to 26 U.S.C. § 7602.  (Id.)

Revenue Officer Hughes has been assigned to investigate the collection of Shaw's

assessed tax liabilities for the 2001 through 2003 tax years.  (Id. ¶ 2.)  As part of her

investigation into the collection of Shaw's tax liabilities, Revenue Officer Hughes issued a

collection summons to Bank of America on July 1, 2011 for Shaw's financial records.  (Id. ¶ 3.)

The summons also seeks the financial information of entities related to Shaw, including The

Shaw Group LLC, The Shaw Group LLC, d/b/a Express Medical Services, or R & R Adjusters,

Ltd.  (Id. at Ex. 2.)  The information sought in the summons is relevant Revenue Officer Hughes'

collection efforts because it will assist Revenue Officer Hughes to determine whether Shaw has

assets to pay her outstanding tax liabilities.  (Id. ¶ 8.)

Revenue Officer Hughes followed all administrative procedures in issuing the summons.

(Id. ¶ 6.)  She served a properly attested copy of the summons to Bank of America on July 1,

2011 by certified mail. (Id. ¶ 4.)  Revenue Officer Hughes did not serve a copy of the summons

on Shaw because, pursuant to section 7609(c)(2)(D) of the Internal Revenue Code, she was not

required to provide notice of the summons to Shaw.  (Id. ¶ 5.)

On July 25, 2011, Shaw petitioned this Court to quash the IRS summons issued to Bank of America because (1) Revenue Officer Hughes lacked authority under 26 U.S.C. § 7608 to issue the summons and (2) Revenue Officer Hughes did not provide Shaw with notice of the summons.  (Doc. 1.)  On August 11, 2011, the Court directed the United States to show cause on or before August 19, 2011 why Shaw's petition to quash should not be granted.  (Doc. 3.)

## II.     ARGUMENT

Initially, the petition to quash should not be granted, because proper service of the petition has not been effected on the United States and the United States' time to respond has not yet run.  More to the point, the Court should dismiss, rather than grant, Shaw's petition to quash for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because the United States has not waived its sovereign immunity with respect to challenges to an IRS collection summons.  In the alternative, the Court should dismiss Shaw's petition for failure to state a claim upon which relief can be granted.  Furthermore, although it does not presently seek a court order enforcing the summons—because we have no reason to believe that Bank of America will not comply with the summons once the petition is dismissed—the United States, through the declaration of Revenue Officer Hughes, has established all the factors necessary for enforcement:  that the collection summons (1) was issued for a legitimate purpose; (2) sought information that is relevant to the collection of Shaw's tax liabilities; (3) sought information not possessed by the United States, and (4) was issued after the IRS followed all applicable administrative procedure.  See United States v. Powell, 379 U.S. 48, 57-58 (1964).

### A.     The United States Had Not Submitted A Response to Shaw's Petition Because the United States Was Not Properly Served

As an initial matter, the United States regrets that it did not file a response to Shaw's

-3-

petition before the Court issued its show cause order, but submits that good cause exists as to why the United States had not filed a response: specifically, the United States was not properly served.

A petition to quash an IRS summons constitutes a suit against the United States.  <u>See</u>, <u>e.g.</u>, <u>Huffman v. United States</u>, 2007 U.S. Dist. LEXIS 94076, at *6 (S.D. Fla. Nov. 29, 2007). Because Shaw's petition is a suit against the United States, the Federal Rules of Civil Procedure apply to this case.

Pursuant to Federal Rules of Civil Procedure 4(i) and 12(a), the United States' response to Shaw's petition to quash IRS summons is not due until 60 days after service of a <u>summons and complaint</u> in this matter.  Fed. R. Civ. P. 4(i), 12(a)(2).  Here, Shaw served the United States with a copy of her petition on July 25, 2011.  (<u>See</u> Doc. 1, p. 24, Certificate of Service.)  Shaw, however, has yet to serve the United States with a summons in this matter because a summons has not been issued.  As a result, the time for a responsive pleading in this matter has not started to run.

Furthermore, even if Shaw's service of the petition was sufficient under Rule 4(i), the United States' time for serving a responsive pleading would not yet have expired.  Pursuant to Rule 12(a)(2), the United States would have up 60 days from July 25, 2011—until September 23, 2001—to serve a responsive pleading in this matter.  Accordingly, the United States submits that good cause justifies its failure to respond to Shaw's petition before the Court issued the order to show cause in this matter.

Although the United States contends that the time periods set forth in the Federal Rules of Civil Procedure apply to this case and that a response is not yet required, the United States

responds to Shaw's petition to quash below by moving to dismiss the petition to quash.

      **B.**    **The Court Should Dismiss Shaw's Petition to Quash For Lack of Subject Matter Jurisdiction Because the United States Has Not Waived Its Sovereign Immunity**

A petition to quash an IRS summons is a suit against the United States that requires a waiver of sovereign immunity.  Huffman, 2007 U.S. Dist. LEXIS 94076, at *6.  Under the doctrine of sovereign immunity, an individual cannot sue the United States without its express consent.  United States v. Testan, 424 U.S. 392, 399 (1976).  The terms of the United States' consent to be sued define the court's jurisdiction.  Id.  Accordingly, absent an express waiver of sovereign immunity, the Court must dismiss the action.  See, e.g., United States v. Mitchell, 445 U.S. 535, 538 (1980).

The United States has expressly waived its sovereign immunity with respect to petitions to quash an IRS summons only where the petitioner is entitled to notice of the summons.  See 26 U.S.C. § 7609(b)(2)(A); Barmes v. United States, 199 F.3d 386, 390 (7th Cir. 1999); United States v. First Bank, 737 F.2d 269, 273 (2d Cir. 1984); Davidson v. United States, 149 F.3d 1190 (10th Cir. 1998) (table op.); Armijo v. United States, 2010 U.S. Dist. LEXIS 56716, *7 (S.D. Fla. May 3, 2010), adopted by Armijo v. United States, 2010 U.S. Dist. LEXIS 56717 (S.D. Fla. June 7, 2010); Atl. Ave. D.B. Financial/Legal Support Group v. United States, 2009 U.S. Dist. LEXIS 71643, at *3-6 (S.D. Fla. June 30, 2009) ("notice is not required if the summons is issued in aid of the collection of any person's tax liability"); Huffman, 2007 U.S. Dist. LEXIS 94076, at *6; Caton v. United States, 2007 U.S. Dist. LEXIS 96173, *3-4 (M.D. Fla. Apr. 17, 2007); Bancsi v. Pennington, 812 F. Supp. 759, 760 (N.D. Ohio 1992) ("Since the IRS need not provide notice of a summons issued in aid of collection, no person has a right to move to quash such a

summons."). Thus, if Shaw is not entitled to notice of the summons, the Court must dismiss this action for lack of subject matter jurisdiction. See Armijo, 2010 U.S. Dist. LEXIS 56716 at *11-12 (finding that because the petitioner was not entitled to notice of the summons, the court must dismiss the action for lack of jurisdiction).

Under section 7609(a) of the Internal Revenue Code, any person "who is identified in the summons" is generally entitled to notice of summons. Id. at *7 (quoting 26 U.S.C. § 7609(a)(1)). Section 7609(c)(2)(D), however, provides an exception to the notice requirement of section 7609(a) if the summons is issued in the aid of collection of an assessment made . . . against the person with respect to whose liability the summons is issued." 26 U.S.C. § 7609c)(2)(D). In other words, an individual is not entitled to notice of a summons that is issued in the aid of collection of an assessed tax liability. Kowalik v. Morris, 1993 U.S. Dist. LEXIS 19660, *3-4 (S.D. Fla. Aug. 23, 1993).

As stated by Revenue Officer Hughes—and stated on the attachment to the summons—the summons to Bank of America was issued in the aid of collection of Shaw's assessed tax liabilities for the 2001 through 2003 tax years. (Hughes Decl. ¶ 3.) Accordingly, Shaw is not entitled to notice of the summons. Because Shaw is not entitled notice of the summons, the United States has not waived its sovereign immunity to this action, and the Court must dismiss Shaw's petition to quash IRS summons.[1] See Armijo, 2010 U.S. Dist. LEXIS

---

[1] Shaw also contends that the other entities identified in the summons, The Shaw Group LLC, The Shaw Group LLC, d/b/a Express Medical Services, or R & R Adjusters, Ltd., are entitled to notice of the summons. Shaw lacks standing to contest the summons on behalf of those entities. Nevertheless, like Shaw, those entities are not entitled to notice because the summons was issued in aid of collection. Accordingly, the Court lacks jurisdiction over Shaw's arguments on behalf of those entities.

56716 at *11-12; Atl. Ave. D.B. Financial/Legal Support Group, 2009 U.S. Dist. LEXIS 71643, at *3-6  Caton, 2007 U.S. Dist. LEXIS 96173, at *3-4; Bancsi, 812 F. Supp. at 760-61; see also Davidson, 149 F.3d 1190 (affirming the dismissal of a petition to quash a collection summons for lack of subject matter jurisdiction).

### C.    Shaw Fails to State a Claim Upon Which Relief Can Be Granted

Assuming arguendo that the Court has jurisdiction in this matter, Shaw's petition should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  If, in viewing the factual allegations in the light most favorable to the plaintiff, the Court finds that the plaintiff's claim is not plausible on its face, the Court must grant the motion to dismiss.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). For a claim to plausible, there must be "more than a sheer possibility that a defendant has acted unlawfully."  Id.

Here, Shaw raises two issues in her petition to quash, neither of which are plausible on their face.  First, Shaw contends that Revenue Officer Hughes did not have property authority under 26 U.S.C. § 7608 to issue the summons.  Shaw's reliance on section 7608 is entirely misplaced.  Section 7608 applies only to the authority of internal revenue enforcement officers in criminal matters.  "The instant case is civil, however, and 26 U.S.C. § 7608 therefore has no bearing here."  Brown v. United States, 2011 U.S. Dist. LEXIS 65860, *8 (E.D.N.C. June 20, 2011).  Indeed, Revenue Officer Hughes issued the summons pursuant to section 7602, which expressly provides for the IRS to issue summonses for the purpose of collecting a tax liability.

<u>See</u> 26 U.S.C. § 7602(a) (authorizing the IRS to issue summonses "[f]or the purpose of . . .

collecting any . . . tax liability"); <u>see also</u> (Hughes Decl. ¶ 1 (pertaining to her authorization to

issue summonses in furtherance of civil tax exams).)

 Second, Shaw contends that Revenue Officer Hughes erred in not providing her with

notice of the summons to Bank of America as required by section 7609(a).  Shaw is not entitled

to notice of the summons, however, because the summons was issued to aid in collecting Shaw's

assessed tax liability for the 2001 through 2003 tax years.  <u>See</u> 26 U.S.C. § 7609(c)(2)(D);

<u>Kowalik</u>, 1993 U.S. Dist. LEXIS 19660 at *3-4.  Accordingly, the Court should dismiss Shaw's

petition for failure to state a claim because neither of Shaw's claims is plausible on its face.

### D. The Summons Meets the Requirements for Enforcement Under <u>Powell</u>

 Even though the United States presently does not seek to enforce the summons,[2] the

United States has met all the requirements for enforcement.  Section 7602 of the Internal

Revenue Code provides that IRS may examine any books, papers, records, or other data; issue a

summons as to any person to obtain any books, papers, records, or other data; and take such

testimony, under oath, "<u>as may be relevant</u>" to the collection of a tax liability.  26 U.S.C. § 7602

(emphasis added).  In light of its intended purpose of furthering tax investigations, courts have

construed section 7602 broadly and repeatedly rejected attempts to circumscribe or thwart the

effective exercise of the IRS's summons power.  <u>See</u>, <u>e.g.</u>, <u>United States v. Euge</u>, 444 U.S. 707,

715-716 (1980); <u>United States v. Bisceglia</u>, 420 U.S. 141 (1975); <u>Couch v. United States</u>, 409

U.S. 322, 338 (1973).

---

 [2] The United States has no reason to believe that Bank of America will not promptly
comply with the summons following dismissal of the petition to quash.

To obtain enforcement of an IRS summons, the United States must establish (1) that the summons was issued for a legitimate purpose; (2) that the information sought may be relevant for that purpose; (3) that the information sought is not already in the possession of the Internal Revenue Service; and (4) that the administrative steps required by the Internal Revenue Code with respect to the issuance and service of a summons have been followed. Powell, 379 U.S. at 57-58. Generally, the United States establishes the Powell factors through the affidavit or sworn declaration of the IRS officer who issued the summons. See, e.g., United States v. Morse, 532 F.3d 1130, 1132 (11th Cir. 2008); In re Newton, 718 F.2d 1015, 1019 (11th Cir. 1983).

Here, the United Sates, through the attached declaration of Revenue Officer Hughes, establishes all four Powell factors.

### 1.      The Summons Was Issued for a Legitimate Purpose

Section 7602 authorizes the IRS to issue a summons to any person who has information that may be relevant to an IRS inquiry. 26 U.S.C. § 7602(a). This power may be invoked to require a person to produce books and records or to give testimony so that the IRS may (1) assess the correctness of a return, (2) make a return where none has been made, (3) determine or collect the liability of any person for any internal revenue tax or (4) inquire into an offense connected with the administration or enforcement of the tax laws. 26 U.S.C. § 7602(a) & (b); 26 C.F.R. § 301.7602-1(a).

Here, Revenue Officer Hughes issued the summons to further her investigation into the collection of Shaw's assessed tax liabilities for the 2001 through 2003 tax years. (Hughes Decl. ¶ 3.) Section 7602 explicitly authorizes such summonses. Accordingly, the summons was issued for a legitimate purpose.

-9-

### 2. The Information Sought Is Relevant to the Collection of Shaw's Tax Liabilities

The IRS may summon information "of even <u>potential</u> relevance to an ongoing investigation." <u>United States v. Arthur Young & Co.</u>, 465 U.S. 805, 814 (1984).  This is because the IRS cannot determine whether the information is relevant "until it is procured and scrutinized." <u>Id.</u>  Thus, a summons requests relevant information if the information sought in the summons might "throw light" on the IRS's investigation.  <u>Id.</u> at 814 n.11.

Here, Revenue Officer Hughes issued the summons to determine whether Shaw or the related entities identified in the summons attachment have sufficient assets to satisfy her assessed tax liability for the 2001 through 2003 tax years.  (Hughes Decl. ¶ 8.)  The summons requests financial records that will assist Revenue Officer Hughes in determining if Shaw possesses any assets that may be used to satisfy her tax liabilities.  (<u>Id.</u>)  Accordingly, the requested information will "throw light upon" whether Shaw possesses assets sufficient to satisfy her tax liabilities and is, therefore, relevant to Revenue Officer Hughes' investigation.

### 3. The IRS Does not Possess the Information Sought in the Summons

Revenue Officer Hughes has declared that the IRS does not possess the information sought in the summons to Bank of America.  (Hughes Decl. ¶ 7.)  Accordingly, the United States satisfies the third <u>Powell</u> factor.

### 4. The IRS Followed All Administrative Procedures

Revenue Officer Hughes followed all applicable administrative procedures in issuing the summons to Bank of America.  (Hughes Decl.  ¶ 6.)  Revenue Officer Hughes is an employee of the IRS who is authorized to issue summonses.  (<u>Id.</u> ¶ 1.)  She served properly attested copies of the summons on Bank of America in accordance with section 7603(b) of the Internal Revenue

Code.  (Id. ¶ 4.)  Because the summons was issued in the aid of collection of Shaw's assessed tax liability, Revenue Officer Hughes was not required to give notice of the summons to Shaw.  26 U.S.C. § 7609(c)(2)(D).  (Id. ¶ 5.)  Moreover, the IRS has not made any recommendation for criminal prosecution of Shaw to the Department of Justice as defined in section 7602(d) of the Internal Revenue Code.  (Id. ¶ 9.)

Last, contrary to Shaw's argument, section 7608 of the Internal Revenue Code does not apply to this case.  That section applies only to the authority of internal revenue enforcement officers in criminal matters, and the collection of Shaw's tax liabilities is a civil matter.  See Brown v. United States, 2011 U.S. Dist. LEXIS 65860 at *8.  Accordingly, the IRS followed all administrative procedures when it issued the summons to Bank of America.

*   *   *

In sum, the IRS has satisfied all four of the Powell factors.  The summons to Bank of America was issued for a legitimate purpose and is relevant to that purpose; the IRS does not possess the information sought; and the IRS followed the applicable administrative procedure in issuing the summons.  Accordingly, the Court should enter an order enforcing the summons to Bank of America.

## III.   CONCLUSION

Shaw petitioned this Court to quash an IRS summons issued in the aid of collecting Shaw's assessed tax liabilities for the 2001 through 2003 tax years.  Because Shaw was not entitled to notice of that summons, the Court lacks subject matter jurisdiction to entertain her petition.  Accordingly, the Court should dismiss Shaw's petition pursuant to Federal Rule of Civil Procedure 12(b)(1).  In the alternative, the Court should dismiss Shaw's petition for failure

to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated August 19, 2011.

Respectfully submitted,

JOHN A. DICICCO
Principal Deputy Assistant Attorney General


**s/ Thomas K. Vanaskie**
THOMAS K. VANASKIE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 305-7921
Thomas.K.Vanaskie@usdoj.gov

Of Counsel
ROBERT E. O'NEILL
United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that service of the United States' Response to the Court's Order to Show Cause has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 19th day of August, 2011:

    Vanessa Shaw, pro se
    2008 SW 47th Terrace
    Cape Coral, Florida 33914


        By: <u>s/Thomas K. Vanaskie</u>
        Thomas K. Vanaskie
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 14198
        Ben Franklin Station
        Washington, D.C.  20044
        Telephone: (202) 305-7921
        Facsimile: (202) 514-9868
        Thomas.K.Vanaskie@usdoj.gov