UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VANESSA SHAW,

        Petitioner,

-vs-                                            Case No. 2:11-cv-481-FtM-UA-SPC

UNITED STATES OF AMERICA,

        Respondent.
_____

## REPORT AND RECOMMNEDATION

This matter comes before the Court on Plaintiff *pro se* Vanessa Shaw's Petition to Quash IRS Summons (Doc. #1) filed on July 25, 2011. The Government filed its response in opposition (Doc. #4) on August 19, 2011. The Court originally issued an Order denying the Motion (Doc. # 5). That Order has been vacated and a replaced by the instant Report and Recommendation. The Petition has been fully briefed and is ripe for review.

Petitioner Shaw moves to quash a summons issued by the Government to Bank of America. The Government alleges that Shaw is a tax-defier who filed frivolous tax returns for the 2001 through 2003 tax years and has outstanding federal income tax liabilities for the 2002 through 2003 tax years, which were assessed on August 29, 2005, and February 6, 2006, respectively. The IRS has also assessed civil penalties against Shaw for the 2001 through 2003 tax years for filing frivolous tax returns. In support, the Government filed the Declaration of IRS Revenue Officer Merle Hughes, which consists of Account Transcripts which show the assessments made against Shaw (Doc. #4-1).

Hughes' Declaration indicates that one of Hughes' responsibilities as a Revenue Officer is to investigate the collection of unpaid taxes. Accordingly, she has the authority pursuant to 26

U.S.C. § 7602 to issue IRS summonses to investigate the collection of unpaid taxes. Hughes was assigned to investigate the collection of Shaw's assessed tax liabilities for the 2001 through 2003 tax years. As part of her investigation into the collection of Shaw's tax liabilities, Hughes issued a collection summons to Bank of America on July 1, 2011 for Shaw's financial records. The summons also seeks the financial information of entities related to Shaw, including The Shaw Group LLC, The Shaw Group LLC, d/b/a Express Medical Services, or R&R Adjusters, Ltd. Defendant argues that the information sought in the summons is relevant to Hughes' collection efforts because it will assist Hughes in determining whether Shaw has assets to pay her outstanding tax liabilities.

Hughes attests that she followed all administrative procedures in issuing the summons on Bank of America. (Doc. #4-1, ¶ 6). She served a properly attested copy of the summons to Bank of America on July 1, 2011 by certified mail. Hughes did not serve a copy on Shaw because, Defendant asserts that pursuant to § 7609(c)(2)(D) of the Internal Revenue Code, she was not required to provide notice of the summons to Shaw. 26 U.S.C. § 7609(c)(2)(D).

On July 25, 2011, Shaw petitioned this Court to quash the IRS summons issued to Bank of America on the grounds that: (1) Revenue Officer Hughes lacked authority under 26 U.S.C. § 7608 to issue the summons and (2) Revenue Officer Hughes did not provide Shaw with notice of the summons.

Defendant argues that the Court should deny Shaw's petition as the Court lacks subject matter jurisdiction because the United States has not waived its sovereign immunity under the facts of this case. A petition to quash an IRS summons is a suit against the United States that requires a waiver of sovereign immunity. Huffman v. United States, 2007 U.S. Dist. LEXIS 94076, at *6 (S.D. Fla. Nov. 29, 2007). Under the doctrine of sovereign immunity, an individual cannot sue the United States without its express consent. United States v. Testan, 424 U.S. 392, 399 (1976).

It is clear that the United States has waived its sovereign immunity with respect to petitions to quash an IRS summons **only when the petitioner is entitled to notice of the summons**. Caton v. United States, 2007 U.S. Dist. LEXIS 96173, *3-4 (M.D. Fla. Apr. 17, 2007); Atl. Ave. D.B. Financial/Legal Support Group v. United States, 2009 U.S. Dist. LEXIS 71643, at *3-6 (S.D. Fla. June 30, 2009) ("notice is not required if the summons is issued in aid of the collection of any person's tax liability").

Under section 7609(a) of the Internal Revenue Code, any person "who is identified in the summons" is generally entitled to notice of the summons. Section 7609(c)(2)(D), however, provides an exception to the notice requirement of section 7609(a) if the summons is issued in aid of collection of "an assessment made or judgment rendered against the person with respect to whose liability the summons is issued." 26 U.S.C. § 7609(c)(2)(D)(i). In this instance it is noted that "district courts from within and from outside of the Eleventh Circuit have similarly held that a District Court lacks jurisdiction to quash an IRS summons issued in aid of the collection of an already assessed tax liability." Huffman, 2007 U.S. Dist. LEXIS 94076, at *8 (citations omitted).

In this case, Revenue Officer Hughes' Declaration - and as stated on the attachment to the summons - states that the summons to Bank of America was issued in the aid of collection of Shaw's assessed tax liabilities for the 2001 through 2003 tax years. (Doc. #4-1, ¶ 3). Upon review of the summons issued to Bank of America by the IRS (Doc. #4-3), this Court concludes that only Bank of America was identified in the summons and therefore Shaw was not entitled to notice of the summons because the summons was issued in aid of collection. Therefore, since Shaw was not entitled to notice, the United States has not waived its sovereign immunity with respect to the

petition to quash the IRS summons in this case and this Court lacks subject matter jurisdiction.[1] See United States v. Arnold, 2001 U.S. Dist. LEXIS 10720, *7 (M.D. Fla. July 9, 2001) (holding that [p]ursuant to 26 U.S.C. § 7609(c)(2) a district court does not have jurisdiction to quash a summons issued for the purpose of aiding in the collection of taxes.").

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Petitioner Vanessa Shaw's Petition to Quash IRS Summons (Doc. #1) should be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14) days** from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this _6th___ day of March, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

---

[1] Shaw also contends that the other entities identified in the summons, The Shaw Group LLC, The Shaw Group LLC, d/b/a Express Medical Services, or R&R Adjusters, Ltd., are entitled to notice of the summons. Like Shaw, those entities are not entitled to notice because the summons was issued in aid of collection.